IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR144 |
| v. | |
| BENJAMIN LEE FULLER, | ORDER ON INITIAL REVIEW |
| Defendant. | |

On July 18, 2022, the United States Probation and Pretrial Services Office for the District of Nebraska ("probation") filed an Amended Petition for Warrant or Summons for Offender under Supervision (Filing No. 113), alleging defendant Benjamin Lee Fuller ("Fuller") violated four conditions of his supervised release. *See* 18 U.S.C. § 3583(a) (authorizing supervised release after imprisonment). The Court held a final revocation hearing on April 10, 2023, at which Fuller was represented by Assistant Federal Public Defender Richard H. McWilliams ("McWilliams").

At the hearing, Fuller admitted to Allegation No. 2 against him—that he unlawfully possessed a controlled substance on October 22, 2021—and the Court dismissed the other three alleged violations on the government's motion. Fuller stated under oath that no one made any threats or promises to get him to admit to that allegation.

Based on an advisory United States Sentencing Guidelines ("guidelines") range of 6 to 12 months, the probation office recommended a sentence of time served with no supervised release to follow. The defendant agreed with that recommendation, but the government urged the Court to impose a guideline sentence. In light of Fuller's positive steps in terms of his employment and substance-abuse treatment, the Court sentenced him to time served with no supervised release to follow. Fuller did not appeal.

On April 19, 2023, just nine days after the revocation hearing, the government indicted Fuller in Case No. 8:23CR94 for knowingly and intentionally distributing methamphetamine to a person under 21 years of age between October 18, 2021, and October 22, 2021, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 859(a) (Filing No. 1 in Case No. 8:23CR94). The Court again appointed McWilliams to represent Fuller.

Fuller moved to dismiss the distribution charge (Filing No. 18 in Case No. 8:23CR94) on July 5, 2023, arguing the timing and other circumstances created "a reasonable likelihood of vindictive prosecution" resulting from the government's dissatisfaction with Fuller's revocation sentence. On the magistrate judge's recommendation (Filing No. 47 in Case No. 8:23CR94), the Court denied Fuller's motion (Filing No. 50 in Case No. 8:23CR94).

On January 5, 2024, McWilliams moved to withdraw as Fuller's counsel (Filing No. 64 in Case No. 8:23CR94) due to Fuller's contention that McWilliams's representation was ineffective. At a hearing on that motion, McWilliams orally moved to withdraw the motion based on his conversation with Fuller before the hearing. After confirming that with Fuller, the magistrate judge granted the oral motion and McWilliams remained on the case.

On February 2, 2024, Fuller appeared at a change-of-plea hearing with McWilliams as counsel. Fuller pleaded guilty pursuant to a written plea agreement (Filing No. 74 in Case No. 8:23CR94) to the distribution charge. His sentencing is scheduled for April 26, 2024.

Before the Court is Fuller's *pro se* motion pursuant to 28 U.S.C. § 2255 asserting "ineffective assistance of counsel" related to his revocation hearing (Filing No. 133). More specifically, Fuller alleges he would not have admitted Allegation No. 2 if not for his counsel's ineffective advice.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to complete an initial review of Fuller's § 2255 motion.

Unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the Court must order the United States Attorney to respond to the motion or "take other action the judge may order." *Id.*

On initial review, the Court finds some murky water. Fuller's § 2255 motion was post-marked January 10, 2024, and filed by the Clerk of Court upon receipt on January 16, 2024. Fuller evidently mailed the motion before the hearing on McWilliams's motion to withdraw. To this point, the Court has heard nothing further from Fuller or McWilliams about Fuller's § 2255 motion or McWilliams's ongoing representation of Fuller in both cases in light of his complaints.

The fact that McWilliams successfully withdrew his motion to withdraw and continues to represent Fuller in Case No. 8:23CR94 may indicate he and Fuller have resolved any issues Fuller had with McWilliams's representation and their troubles are behind them. It is unclear but certainly possible. At the change-of-plea hearing, Fuller stated under oath that he did not have any complaints about McWilliams or his legal representation. If that remains true, Fuller may not want to press a § 2255 in Case No. 8:17CR144. On the other hand, if Fuller still asserts McWilliams was unconstitutionally ineffective in his revocation case, that could create a potential conflict, particularly with respect to McWilliams continuing to represent Fuller in an active criminal case. Needless to say, there are some open issues.

At the very least, the unusual circumstances in this matter and the lingering uncertainty make it impossible for the Court to say definitively that Fuller "is not entitled to relief" on his ineffective-assistance claim arising from his revocation in Case No. 8:17CR144, even if his primary complaint relates to the charge in Case No. 8:23CR94. To help clear the water, the Court will order the United States Attorney to file an answer or other response to Fuller's motion. The Court also encourages Fuller and McWilliams to share any non-privileged information they may have with respect to Fuller's pending § 2255 motion in light of McWilliams's ongoing representation.

3

Depending on the information the Court receives, a hearing may be necessary to determine the best path forward.

Based on the foregoing,

IT IS ORDERED:

1. The United States Attorney shall file an answer or other response to Fuller's motion on or before March 14, 2024.
2. The Clerk of Court is directed to send a copy of this Memorandum and Order to Fuller at his address of record.

Dated this 26th day of February 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge